**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BERENGERE COPELAND,
Plaintiff-Appellant,

v.

No. 97-1665

SEAN SPENCER COPELAND, husband of
plaintiff Copeland,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of North Carolina, at Bryson City.
Lacy H. Thornburg, District Judge.
(CA-97-49-2)

Submitted: November 18, 1997

Decided: February 6, 1998

Before WILKINS, NIEMEYER, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Ruth Anne Cresenzo, Greensboro, North Carolina, for Appellant.
James M. Spiro, Sylva, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Berengere Copeland ("Berengere") appeals from a district court judgment finding that extraordinary circumstances compelled abstention from adjudicating her action calling for the return of her minor son to France under the Hague Convention on the Civil Aspects of International Child Abduction (the "Hague Convention") and the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. §§ 11601-11610 (1995). For the reasons set forth below, we affirm.

Appellant, a French citizen, and Appellee, Sean Copeland ("Sean"), a United States citizen, were married in 1992 in Florida. In 1995, Sean filed suit in North Carolina state court seeking a divorce and custody of the couple's five year old son, Marc Copeland ("Marc"). At the time Sean filed suit Marc was staying with him in North Carolina. Berengere then moved for the return of Marc to France under the Hague Convention and the ICARA, alleging that Marc was a habitual resident of France. While her motion was pending, Berengere, who had been living in France but was in North Carolina, absconded to France with Marc. The state court then denied Berengere's motion to have Marc returned to France, finding that Sean's retention of Marc while his suit was pending did not amount to a violation of the Hague Convention or the ICARA. The court also entered a temporary custody order granting Sean custody of Marc. Sean then traveled to France and brought Marc back to North Carolina.*

Berengere did not appeal the state court ruling but instead filed suit in federal district court pursuant to the Hague Convention and ICARA seeking the prompt return of Marc to France. The district court decided that the action was a parallel proceeding to the state custody proceeding Sean filed in 1995 and thus found that judicial administration warranted that it abstain from adjudicating the controversy.

_____

*Berengere alleges that Sean kidnaped Marc and brought him to the United States in violation of her rights of custody under French law and a French court order awarding her temporary custody of Marc.

2

Under exceptional circumstances, a district court may abstain from adjudicating a controversy before it "for reasons of wise judicial administration." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817-18 (1976). Before determining that abstention is warranted, the district court must first determine whether the state and federal proceedings are parallel. New Beckley Mining Corp. v. International Union, United Mine Workers of Am. , 946 F.2d 1072, 1073 (4th Cir. 1991). "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." Id. Once the court determines if the proceedings in state court and federal court are parallel, the Court must consider those factors set forth in Colorado River, and Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1 (1983), to determine if the circumstances are such that it is proper for the court to abstain."The factors to be considered include the following: (a) the assumption by either court of jurisdiction over property; (b) the inconvenience of the federal forum; (c) the desire to avoid piecemeal litigation; (d) the order in which the courts obtained jurisdiction; and (e) the source of applicable law." Colorado River, 424 U.S. at 818; New Beckley Mining Corp., 946 F.2d at 1073-74 (citing Moses H. Cone, 460 U.S. at 15-16, 23). An appellate court reviews the district court's decision to surrender jurisdiction under the Colorado River doctrine of abstention for abuse of discretion. New Beckley Mining Corp. , 946 F.2d at 1074.

Berengere's contention that the district court erred by determining that the state court proceeding and the federal action before it were parallel proceedings is without merit. In both the state custody proceeding filed in 1995 and her federal action, Berengere raises claims pursuant to the Hague Convention and ICARA alleging that under international law Marc properly should be living with her in France. Thus, Berengere is attempting to litigate "substantially" the same issues in federal court as she presented in state court. As the district court noted, the state action is still pending and Berengere is free to present further claims in support of her contentions to that tribunal. In addition, the two cases involve the same parties. Therefore, the district court correctly determined that the two proceedings are parallel.

Having determined that the proceedings are parallel, the district court properly applied the Colorado River factors to determine if exceptional circumstances warranted abstention. The district court

3

determined that: (1) the state court assumed jurisdiction over the matter two years prior to the commencement of the federal action; (2) the geographic location of the federal forum was no less convenient to either party than the state forum; (3) abstention would promote the objective of avoiding piecemeal litigation; and (4) although Berengere's claim is nominally "international," it does not involve foreign-relations subject matter and thus is appropriate for adjudication in state court. Because the district court gave careful consideration to the Colorado River factors as they apply in this case and articulated the above findings in support of its decision, this Court finds that the district court did not abuse its discretion by deciding to abstain from considering the matter.

Accordingly, the judgment of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4